UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY LEE GORMAN,<br><br>          Plaintiff(s),<br><br>v.<br><br>BRITTANY TAMASO, et al.,<br><br>          Defendant(s). | Case No. 2:22-cv-01678-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 12] |

Plaintiff has been granted permission to proceed *in forma pauperis*. Docket No. 4. On March 14, 2023, Plaintiff filed a motion to screen his initial complaint, rather than filing an amended complaint. Docket No. 12. That motion is **GRANTED** and the Court will screen Plaintiff's original complaint. The Clerk's Office is **INSTRUCTED** to file the original complaint (Docket No. 1-1) on the docket. For the reasons discussed more fully below, Plaintiff's original complaint is **DISMISSED** with leave to amend.

**I.     STANDARDS**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II.     ANALYSIS**

Plaintiff brings this suit seeking $4,500,000 in damages against various state and local officials arising out of allegations of impropriety related to Plaintiff's arrest and prosecution in state court. The complaint fails to state a colorable claim for relief.

A.     Rule 8 Requirement for a Short and Plain Statement

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the plaintiff's claims. The complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See, e.g., McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1995). Where claims are brought against multiple defendants, it is important that the complaint clearly allege which defendants are liable for which wrongs. *See id.* Similarly, where multiple claims are brought, the complaint should make clear which factual allegations purport to give rise to each of the various causes of action. *See id.* While allegations of a *pro se* plaintiff are held to less stringent standards, his complaint must still comply

with Rule 8. *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

Plaintiff's complaint addresses numerous actors, including several who are not formally named as defendants,[1] and covers a range of alleged conduct from his arrest, detention, prosecution, and conviction. The complaint does not always provide a clear connection between the persons identified and their allegedly unlawful conduct. Moreover, a number of the named Defendants are identified one time in the factual allegations without any detail as to how they are tied to the particular causes of action. While the Court will screen the complaint based on its understanding of the claims being brought, any future pleading must comply with Rule 8.

### B.    Claim(s) Against Aaron Ford

Aaron Ford is the Attorney General for the State of Nevada. *See* Docket No. 1-1 at 2. Plaintiff alleges that Ford "allowed a [sic] innocent man [Plaintiff] to be illegally arrested, detained and charged by information on 8 false claimed allegation [sic] and held to stand trial on excessive bail." *Id.* at 5.

Plaintiff's claim(s) against Ford fail for at least two reasons. First, Plaintiff has not alleged that Ford had any personal participation in his arrest, detention, or prosecution. "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (affirming judgment in favor of Nevada Attorney General for lack of personal participation in criminal prosecution). None of these facts is alleged here.

---

[1] The complaint at times references persons not named as defendants and events that do not appear to involve (in any direct way) the named defendants. For example, the complaint identifies various police officers and raises allegations regarding the circumstances surrounding Plaintiff's arrest and initial detention. Docket No. 1-1 at 3. Nonetheless, Plaintiff does not appear to bring claims against those officers. The Court focuses its screening herein on the claims and defendants for which it is clear that Plaintiff is seeking relief. As discussed below, Plaintiff is being afforded leave to amend the complaint. To the extent Plaintiff also meant to seek relief as to other persons or acts mentioned within the complaint, Plaintiff may allege such claims within the amended complaint in compliance with Rule 8.

Second, even assuming Ford was involved, prosecutors are protected by immunity for their actions associated with their prosecutorial functions. *Botello v. Gammick*, 413 F.3d 971, 975-76 (9th Cir. 2005). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (*en banc*). Although the factual basis for any claim against Ford is murky, it appears that all or nearly all of the conduct at issue would fall within the prosecutorial role.

Accordingly, the complaint fails to state a claim for relief against Attorney General Ford.

C. Claim(s) Against Melisa De La Garza

Melisa De La Garza is a state court judge. *See* Docket No. 1-1 at 2. Plaintiff alleges that De La Garza improperly transferred his prosecution from justice court to the district court. *Id.* at 4. Judges are protected by a "sweeping" immunity that insulates them from civil suits arising out of their judicial actions, even if those actions are alleged to be erroneous, malicious, or corrupt. *Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2022). Plaintiff's allegation against De La Garza for her judicial decision cannot be subject to a civil suit. Accordingly, the complaint fails to state a claim for relief against Judge De La Garza.

D. Claim(s) Against Steven Wolfson

Steven Wolfson is the District Attorney for Clark County. *See* Docket No. 1-1 at 2. Plaintiff alleges that Wolfson brought additional charges and otherwise prosecuted Plaintiff in a vindictive manner. *Id.* at 5. Plaintiff has not plausibly alleged Wolfson's personal participation in his underlying criminal case and Wolfson is immune for his prosecutorial functions. *See, e.g.*, *Taylor*, 880 F.2d at 1045; *Botello*, 413 F.3d at 975-76. Accordingly, the complaint fails to state a claim for relief against District Attorney Wolfson.

E. Claim(s) Against Yolanda King

Yolanda King is the County Manager, whom Plaintiff alleges is affiliated with the Special Public Defender Office. *See* Docket No. 1-1 at 2. Plaintiff appears to bring a claim against King

4

based on the allegation that the Special Public Defender Office appointed counsel to represent him and that assistant public defender allegedly proved to be ineffective. *Id.* at 4.[2]

The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). A finding that a prisoner was deprived effective assistance of counsel in a state court criminal proceeding would necessarily imply the invalidity of his conviction. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*per curiam*).[3] Similarly, a finding that a supervisor in the Public Defender Office improperly assigned a deputy public defender to a criminal defendant's case, who then provided ineffective assistance, would also necessarily imply the invalidity of the conviction. *Chang v. Coffee*, 2016 WL 4708026, at *2 (D. Nev. Feb. 1, 2016), *adopted*, 2016 WL 4705448 (D. Nev. Sept. 7, 2016). Although Plaintiff alleges that he was acquitted on some charges, he was convicted on at least one charge. Docket No. 1-1 at 5. Plaintiff has not alleged that his conviction has been reversed, expunged, declared invalid, or called into question through issuance of a writ of habeas corpus. To the contrary, Plaintiff remains in prison. *See* Docket No. 5. As such, he is barred from raising a civil claim stemming from alleged ineffective assistance in his underlying criminal case.

---

[2] It is well settled that a public defender is not acting under "color of state law" in representing a civil rights plaintiff in an underlying criminal proceeding. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). Nonetheless, claims against the public defender are not precluded if they arise out of an administrative function. *Id.* at 469. For purpose of this order, the Court assumes without deciding that the assignment of a deputy public defender to a particular criminal defendant's case is "administrative" in nature.

[3] The relief sought in the complaint is for money damages, in addition to undefined "injunctive and declaratory relief." *See* Docket No. 1-1 at 6. In the unlikely event that Plaintiff was intending to challenge his conviction or imprisonment through habeas proceedings, his civil rights complaint is nonetheless properly dismissed without prejudice to him bringing a proper petition seeking habeas relief. *See Trimble*, 49 F.3d at 586.

In addition, King is the County Manager. Docket No. 1-1 at 4. The complaint alleges that the "Special Public Defender Office appointed" his counsel and the complaint does not allege any personal involvement by King herself in that process. *See id.* Hence, Plaintiff has not stated a claim against King because he has not alleged her personal participation in the conduct alleged. *See Taylor*, 880 F.2d at 1045.

Accordingly, the complaint fails to state a claim for relief against King.

### F. Claim(s) Against Brittany Tamaso

Brittany Tamaso is a detective with the Las Vegas Metropolitan Police Department. *See* Docket No. 1-1 at 2. Plaintiff alleges that Tamaso collected his D.N.A. *Id.* at 3. The complaint alleges that Plaintiff's search and seizure was without "probable cause"[4] and that he provided his D.N.A. "under duress," but facts have not been alleged that Plaintiff's rights were violated by Tamaso in procuring that D.N.A. Pleading labels and conclusions does not suffice to state a claim. *Iqbal*, 556 U.S. at 678.[5] Accordingly, the complaint fails to state a claim for relief against Tamaso.

## III. CONCLUSION

The motion to screen the initial complaint (Docket No. 12) is **GRANTED**. The Clerk's Office is **INSTRUCTED** to file the original complaint (Docket No. 1-1) on the docket. For the reasons explained above, Plaintiff's complaint is **DISMISSED** with leave to amend.

Plaintiff will have until **July 14, 2023**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the

---

[4] The complaint includes various allegations related to officers involved in Plaintiff's arrest. *See* Docket No. 1-1 at 2-3. Tamaso is not identified as one of the arresting officers. *See id.* at 3. Plaintiff does not allege Tamaso's personal involvement in those circumstances, so she cannot be liable based on those allegations. *Taylor*, 880 F.2d at 1045. The only allegation with respect to Tamaso is that she obtained Plaintiff's D.N.A. following his arrival at the detention center. *See* Docket No. 1-1 at 3.

[5] As discussed above, Plaintiff's criminal trial resulted in his conviction. Docket No. 1-1 at 5. Plaintiff is barred from bringing suit on claims that imply the invalidity of his conviction. *Szajer*, 632 F.3d at 611. The complaint lacks detail as to whether the D.N.A. obtained by Tamaso was used to support Plaintiff's charge or conviction. *Cf. Longstreet v. Wells*, 2022 WL 2663636, at *3 (D. Nev. July 11, 2022) (addressing Ninth Circuit authority that civil claim arising out of search and seizure was barred when the subject evidence was used to support the charge or conviction). Hence, it is not clear as an overarching matter whether this claim is barred.

amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: June 14, 2023

_____
Nancy J. Koppe
United States Magistrate Judge