# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY LEE GORMAN,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>BRITTANY TAMASO, et al.,<br><br>　　　　Defendant(s). | Case No. 2:22-cv-01678-JAD-NJK<br><br>**CORRECTED ORDER** |

Plaintiff has filed an amended complaint, Docket No. 18, which the Court screens herein pursuant to 28 U.S.C. § 1915(e)(2).

**I.　STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    ANALYSIS**

The amended complaint raises claims against 23 Defendants for alleged improprieties related to Plaintiff's arrest, transport to jail, interrogation, criminal defense, and prosecution.[1] The Court screens the various claims in turn below.

A.    Grounds for Arrest

Plaintiff alleges that he was unlawfully arrested without probable cause. *See, e.g.*, Docket No. 18 at 8 ("The [a]rrest was made without established probable cause"). This claim fails for at least two reasons.

First, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). There is "no question" that *Heck* bars claims that officers lacked probable

---

[1] Plaintiff separates his allegations into three claims. Construing his amended complaint liberally and in an effort to provide clarity, the Court will address his allegations as attempting to bring more than three claims.

2

cause to arrest a criminal suspect. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*per curiam*). In this case, Plaintiff was convicted, *see, e.g.*, Docket No. 18 at 16,[2] and Plaintiff has not shown that his conviction has been reversed or otherwise called into question. To the contrary, Plaintiff identifies ongoing habeas efforts that have not to date been resolved in his favor, *id.* (identifying habeas hearing),[3] and Plaintiff's direct appeal was recently rejected by the Court of Appeals of Nevada, *Gorman v. State*, 540 P.3d 457 (Nev. App. Dec. 28, 2023) (affirming denial of mistrial request that was predicated on the testimony of the victim's roommate, H. Miller). As a challenge to whether probable cause existed for his arrest calls into question Plaintiff's conviction, this claim is barred.

Second, the complaint does not sufficiently allege a lack of probable cause at any rate. The amended complaint alleges that witness Heather Miller alerted authorities to the alleged crime, was interviewed by the police, and identified Plaintiff in photographic evidence. *See* Docket No. 18 at 14. A witness providing such information to the police can create probable cause for an arrest. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003) (explaining that probable cause may be established by a victim's statements that provide "facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator"); *see also Morales v. City of Bellingham*, 2020 WL 7714412, at *4 (W.D. Wash. Dec. 29, 2020) (addressing foundation for probable cause from statements of a putative victim or eyewitness) (quoting *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986)). Plaintiff's theory of a lack of probable cause appears to hinge on his conclusory assertion that the photographic identification was conducted in a manner that was "impermissibly suggestive." *Id.* That type of label or legal conclusion does not suffice to state a claim. *E.g.*, *Iqbal*, 556 U.S. at 678.[4]

---

[2] It appears that Plaintiff may not have been convicted on all charges, but he was convicted. *See, e.g.*, Docket No. 18 at 16 (acknowledging the "single charge that I have been convicted of").

[3] Plaintiff alleges that his conviction has been called into question by his seeking habeas relief, but he has not shown that habeas relief has been granted. *See, e.g.*, Docket No. 18 at 16.

[4] Plaintiff similarly fails to state a claim with respect to the searches conducted incident to his arrest that were allegedly performed without probable cause. *See, e.g.*, Docket No. 18 at 11.

3

Accordingly, Plaintiff has not stated a colorable claim arising out of his allegedly unlawful arrest.[5]

### B. Manner of Arrest

Plaintiff alleges that he was arrested by Defendant Gomez at gunpoint, which the Court construes as an excessive force claim. *See* Docket No. 18 at 12. In evaluating such a claim, courts must balance the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the force used was objectively reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Hence, a colorable claim for excessive force is not pled by simply alleging an arrest at gunpoint; the plaintiff must allege facts showing that the officer's display of his weapon was excessive under the circumstances. *See, e.g.*, *Ibeabuchi v. Eggleston*, 2019 WL 11504658, at *6 (D. Ariz. Feb. 26, 2019).

In this case, Plaintiff alleges that he was arrested at gunpoint while he was "sitting in [a] parked car" with his girlfriend at his family's home. Docket No. 18 at 12. While such circumstances may be pertinent to an excessive force claim in this context, the complaint otherwise lacks the factual allegations necessary to discern a colorable claim for excessive force. The Court is particularly mindful of Plaintiff's allegations elsewhere that he was arrested on the serious crime of kidnapping, as well as other violent offenses. *See, e.g.*, Docket No. 18 at 6; Docket No. 1-1 at 2 (alleging that Plaintiff was arrested on charges of kidnapping, sexual assault, and "various allegations involving deadly weapons").[6] The alleged facts on which Plaintiff's excessive force

---

[5] Plaintiff alleges that Defendants Favela and Lee improperly arrested him without probable cause on March 23, 2022, and November 17, 2022, respectively, Docket No. 18 at 17, based on amendments to the criminal charges brought, *see id.* at 16-17. For the reasons discussed herein, these false arrest claims fail both under the *Heck* bar and for failing to sufficient plead a lack of probable cause at any rate.

[6] The Court may consider factual allegations that Plaintiff made in prior complaints. *See, e.g.*, *Anderson v. Valenzuela*, 2018 WL 3433296, at *1 n.1 (D. Nev. June 14, 2018), *adopted*, 2018 WL 3429656 (D. Nev. July 16, 2018).

claim are predicated are not sufficient to state a colorable claim given the need to evaluate all of the pertinent circumstances.

Accordingly, Plaintiff has not stated a colorable claim arising out of the manner of his arrest.

C.     Alleged Post-Arrest Delay

Plaintiff alleges that he was driven around by various officers (including Defendants Gomez, Ness, Longwell, Smith, Larsen, and Tamaso) prior to being questioned by Defendant Tamaso about seven hours after his initial arrest, before then having a hearing in front of a judicial officer. *See id.* at 8, 11, 14, 18-20. "To implement the Fourth Amendment's protection against unfounded invasions of liberty and privacy, the Court has required that the existence of probable cause be decided by a neutral and detached magistrate whenever possible." *Gerstein v. Pugh,* 420 U.S. 103, 112 (1975). "[S]ome delays are inevitable," however, and the Supreme Court has instructed that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement. *County of Riverside v. McLaughlin,* 500 U.S. 44, 55-56 (1991). Police are not prohibited from investigating the suspect during this interim period. *See Kanekoa v. City & Cnty. of Honolulu*, 879 F.2d 607, 612 (9th Cir. 1989). Police may not, however, delay a probable cause determination to gather evidence to justify the arrest or for another impermissible purpose. *See Smith v. City & Cnty. of Honolulu*, 887 F.3d 944, 950 (9th Cir. 2018).

Plaintiff has not stated a colorable claim based on a delay in a probable cause determination. First, Plaintiff has not stated when the probable cause hearing was held. That information is certainly a critical piece of the puzzle. Second, Plaintiff is inconsistent about the circumstances. On the one hand, Plaintiff alleges he was arrested because witness Heather Miller alerted authorities to the alleged crime, was interviewed by the police, and identified Plaintiff in photographic evidence. *See* Docket No. 18 at 14 (alleging that the information supplied by Miller "caus[ed] for [Plaintiff] to be illegally arrested"). As explained above, Plaintiff has not alleged sufficiently why probable cause was lacking given that information known to the police before his arrest. On the other hand, Plaintiff alleges that there was post-arrest delay for the purpose of

5

obtaining a warrant and suggests that this time was used to collect evidence that could establish probable cause. *See, e.g.*, Docket No. 18 at 11, 19. Plaintiff has not clearly identified what evidence (if any) was allegedly collected by the police during this interim period and whether that evidence was then used to establish probable cause and/or introduced at trial.[7]

Accordingly, Plaintiff has not stated a colorable claim arising out of alleged post-arrest delay.[8]

### D. Alleged *Miranda* Violations

The amended complaint includes ubiquitous allegations of *Miranda* violations. Plaintiff alleges that a number of Defendants (including at least Gomez, Vezina, Longwell, Larson, Ness, McCrimmon, Smith, and Tamaso) violated his constitutional rights by failing to read him his *Miranda* warning or failing to honor his request to speak with an attorney. *See, e.g.*, Docket No. 18 at 10-11. The United States Supreme Court has reiterated that the rules adopted in *Miranda* are prophylactic in nature. *Vega v. Tekoh*, 597 U.S. 134, 151 (2022). The remedy for a *Miranda* violation comes in the form of a defendant seeking exclusion of unwarned statements at his criminal trial; a *Miranda* violation does not give rise to a cognizable cause of action under 42 U.S.C. § 1983. *Vega*, 597 U.S. at 151-52. Because a *Miranda* violation is not redressable through this § 1983 civil rights case, Plaintiff's claims based on the allegations of such violations are subject to dismissal.

---

[7] This would appear to be a "heads I win, tails you lose" scenario. Plaintiff must allege that this interim period was used improperly to collect evidence to be introduced against him. *See Smith*, 887 F.3d at 950. If that were the case, however, the typical remedy would be excluding such evidence from trial, *see Anderson v. Calderon*, 232 F.3d 1053, 1071-72 (9th Cir. 2000), *overruled in part on other grounds*, *Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003), which would mean that the *Heck* bar would apply to this claim if the evidence was in fact eventually used against Plaintiff, *see, e.g.*, *Johnson v. Los Angeles Police Dep't*, 2016 WL 836267, at *4 (C.D. Cal. Jan. 5, 2016), *adopted*, 2016 WL 837893 (C.D. Cal. Mar. 3, 2016), *aff'd*, 693 Fed. Appx. 716 (9th Cir. 2017).

[8] Plaintiff alleges he was discriminated against based on race and religion during this process. *See, e.g.*, Docket No. 18 at 19. For example, Plaintiff alleges that he found the music played in the car to be "demonic." *Id.* Plaintiff has not stated a colorable claim based on these conclusory allegations.

### E.   Conditions During Questioning

Plaintiff alleges that Defendant Tamaso and Defendant Goldberg engaged in wrongful conduct during his interrogation. Docket No. 18 at 21. Coercive interrogation techniques may give rise to a civil rights claim for violation of the substantive due process under the Fourteenth Amendment. *Stoot v. City of Everett*, 582 F.3d 910, 928 (9th Cir. 2009).[9] "The standard for showing a Fourteenth Amendment substantive due process violation, however, is quite demanding." *Id.* Such a claim is cognizable only if the alleged abuse of power "shocks the conscience" and "violates the decencies of civilized conduct." *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Plaintiff alleges that he was sexually assaulted during his interrogation. In particular, Plaintiff alleges that Tamaso oversaw Plaintiff's interrogation and pressured Plaintiff into submitting to physical inspection. *See, e.g.*, Docket No. 18 at 21. Plaintiff alleges that Goldberg then assaulted him by inserting an object into his penis, scrotum, and mouth. Docket No. 18 at 21.[10] From the context of the other allegations in the complaint, it appears that Plaintiff may be referring to DNA testing, *see* Docket No. 18 at 28; *see also* Docket No. 1-1 at 3, and that he may have consented to that testing, *see* Docket No. 18 at 26; *see also* Docket No. 1-1 at 3. Nonetheless, taking these allegations as true for purposes of screening, *see Iqbal*, 556 U.S. at 679, and construing the allegations in Plaintiff's favor, *see Hebbe*, 627 F.3d at 340, the Court finds that these allegations state a colorable claim against Tamaso and Goldberg.[11]

---

[9] Plaintiff does not appear to allege that his was coerced into confessing during this interrogation, so it would not appear that his claim falls under the Fifth Amendment. *See, e.g.*, *Crowe v. Cnty of San Diego*, 608 F.3d 406, 427 (9th Cir. 2010) (explaining that a Fifth Amendment coercive interrogation claim requires a coerced confession that is used against the defendant in criminal proceedings).

[10] Plaintiff raises other allegations regarding his treatment during the interrogation, including that Tamaso allegedly did not give Plaintiff privacy while using the restroom and Tamaso allegedly did not coordinate medical treatment immediately for some cuts on Plaintiff's body. *See, e.g.*, Docket No. 18 at 20-21.

[11] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

7

F.  Alleged Ineffective Assistance – Private Defense Attorneys

Plaintiff seeks to bring claims against two private defense attorneys (Daniel Hill and Monique McNeill) alleging that they provided ineffective assistance during his criminal prosecution in state court. *See, e.g.*, Docket No. 18 at 22-23. These claims fail for a variety of reasons.

First, a finding that a party was deprived effective assistance of counsel in a state court criminal proceeding would necessarily imply the invalidity of his conviction, so a civil rights claim predicated on alleged ineffective assistance of counsel is subject to the *Heck* bar discussed above. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*per curiam*).

Second, a threshold requirement for proceeding with any § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a private defense attorney does not act under color of state law for § 1983 purposes, even if appointed as counsel by the courts. *Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1111 (D. Nev. 2004).

Accordingly, Plaintiff has not stated a colorable claim against his private attorneys.[12]

G.  Alleged Ineffective Assistance – Public Defender Attorneys

Plaintiff seeks to bring claims against Public Defenders (Ava Bravo and Jordan Savage) alleging that they provided ineffective assistance during his criminal prosecution in state court. *See, e.g.*, Docket No. 18 at 28-30. As discussed above, the *Heck* bar precludes a claim that Plaintiff was provided with ineffective assistance in the criminal proceedings that led to his conviction. *Trimble*, 49 F.3d at 585. Moreover, it is settled law that a public defender is not acting "under color of state law" when performing the traditional functions of defense counsel in an underlying criminal proceeding. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). Accordingly, Plaintiff has not stated a colorable claim against his Public Defenders.

---

[12] Plaintiff has indicated that he is currently seeking *habeas* relief in state court. Docket No. 18 at 16. The dismissal of his civil rights claims in this case are without prejudice to pursuing *habeas* relief as appropriate. *See Trimble*, 49 F.3d at 586.

H.   Alleged Ineffective Assistance – County Manager

Plaintiff seeks to bring a claim against County Manager Yolanda King, alleging that she appointed the public defenders identified above and that she failed to take corrective action for the alleged ineffective assistance provided by those public defenders after Plaintiff wrote her a letter. Docket No. 18 at 30-31. The *Heck* bar applies to a claim that a supervisor in the Public Defender Office improperly assigned a deputy public defender to a criminal defendant's case, who then allegedly provided ineffective assistance. *Chang v. Coffee*, 2016 WL 4708026, at *2 (D. Nev. Feb. 1, 2016), *adopted*, 2016 WL 4705448 (D. Nev. Sept. 7, 2016).[13] The *Heck* bar also applies to a claim that a supervisor in the Public Defender Office failed to take appropriate action, like assigning new attorneys, upon receiving a complaint from a criminal defendant that he was being provided ineffective assistance. *Id*. Accordingly, Plaintiff has not stated a colorable claim against County Manager Yolanda King.

I.   Malicious Prosecution

Plaintiff seeks to bring claims against the Deputy District Attorney who prosecuted him (Hagar Trippiedi), along with District Attorney himself (Steven Wolfson) and the Attorney General for the State of Nevada (Aaron Ford). *See, e.g.*, Docket No. 18 at 15-17. Prosecutors are protected by immunity for their actions associated with their prosecutorial functions. *Botello v. Gammick*, 413 F.3d 971, 975-76 (9th Cir. 2005). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (*en banc*). Plaintiff's allegations involve run-of-the-mill assertions of vindictive prosecution, such as an allegation that Trippiedi amended the charges in retaliation for Plaintiff refusing to accept a

---

[13] As noted above, a public defender is not acting under "color of state law" in representing a civil rights plaintiff in an underlying criminal proceeding. *Miranda*, 319 F.3d at 468. Nonetheless, claims against the public defender are not precluded if they arise out of an administrative function. *Id.* at 469. For purpose of this order, the Court assumes without deciding that the assignment of a deputy public defender to a particular criminal defendant's case is "administrative" in nature.

9

plea offer or to waive his preliminary hearing. *See, e.g.*, Docket No. 18 at 15-17.[14] Such claims are barred by prosecutorial immunity.

Plaintiff acknowledges this immunity and attempts to circumvent it by seeking declaratory relief as to the alleged malicious prosecution. *See, e.g.*, Docket No. 18 at 16. Even were such an avenue otherwise viable, however, the *Heck* bar applies to a claim for malicious prosecution. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006).

Accordingly, Plaintiff has not stated a colorable claim for malicious prosecution.

### J.     Las Vegas Metropolitan Police Department

Plaintiff names the Las Vegas Metropolitan Police Department as a Defendant. *See* Docket No. 18 at 3. The Ninth Circuit has held that, pursuant to Federal Rule of Civil Procedure 17(b), state law determines the issue of whether a department of a municipality may sue or be sued. *See, e.g.*, *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). "Nevada does not grant authorization of a police department to sue or be sued." *Cerros v. N. Las Vegas Police Dep't*, 2008 WL 608641, at *9 (D. Nev. 2008). Accordingly, Plaintiff has not stated a colorable claim against the Las Vegas Metropolitan Police Department.

### K.     Clark County

Plaintiff names Clark County as a Defendant. Docket No. 18 at 5. "Municipal bodies are not liable under § 1983 unless they themselves 'cause[ ] the constitutional violation at issue.'" *Carvajal v. Clark Cnty.*, 539 F. Supp. 3d 1104, 1118 (D. Nev. 2021) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). The Supreme Court has held that liability extends to municipal bodies only when the constitutional violation was the result of its policy, practice, or custom, or a decision-making official directed or ratified the identified conduct. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). The Court has not identified any allegations in the amended complaint specific to Clark County, let alone allegations of a policy, practice, or custom. Accordingly, Plaintiff has not stated a colorable claim against Clark County.

---

[14] Plaintiff also alleges that these defendants were responsible for his arrests that resulted from the amendment of the charges, which amendment would be within the prosecutorial function. *See* Docket No. 18 at 16-17. Moreover, as noted above, the *Heck* bar applies to Plaintiff's claims that his arrests occurred without probable cause.

L.    State of Nevada

Plaintiff names the State of Nevada as a Defendant. Docket No. 18 at 5. States are not considered "persons" for purposes of claims brought pursuant to 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). States are also immune from federal damages claims pursuant to the Eleventh Amendment of the United States Constitution. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (*per curiam*). Accordingly, Plaintiff has not stated a colorable claim against the State of Nevada.

M.    Jason Lafreniere

Plaintiff names Jason Lafreniere as a Defendant. Docket No. 18 at 3. The Court has not identified any allegations in the amended complaint regarding any conduct of Lafriniere. Accordingly, Plaintiff has not stated a colorable claim against Lafreniere.

N.    Leave to Amend

As discussed above, Plaintiff has stated a colorable against Tamaso and Goldberg regarding the conditions of his interrogation, but Plaintiff has otherwise failed to state a colorable claim on any other basis. Hence, the Court must decide whether to afford Plaintiff leave to amend. A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies can not be cured by amendment. *Cato*, 70 F.3d at 1106. Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Whether to grant leave to amend is a close question in this case. The bulk of Plaintiff's amended complaint fails as a matter of law and simply cannot be cured through amendment. Moreover, Plaintiff has previously been afforded an opportunity to amend the complaint and was specifically cautioned to ensure that he included a fulsome and clear factual discussion of the alleged violations in any amended complaint. *See* Docket No. 14 at 2-3, 6-7. Nonetheless, the Court will afford Plaintiff one final opportunity to amend the complaint if he believes that any of the above deficiencies can be cured.

## III.     CONCLUSION

For the reasons explained above, Plaintiff has stated a colorable claim against Tamaso and Goldberg regarding the conditions of his interrogation, but Plaintiff has otherwise failed to state a colorable claim on any other basis.  Except for the interrogation claim, Plaintiff's amended complaint is **DISMISSED** with leave to amend.

Plaintiff will have until **June 17, 2024**, to file a second amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file a second amended complaint by the deadline set above will result in the recommended dismissal of the claims and Defendants, except as to the claim against Tamaso and Goldberg regarding the conditions of Plaintiff's interrogation.**

IT IS SO ORDERED.

Dated: May 15, 2024

_____
Nancy J. Koppe
United States Magistrate Judge