1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICKEY LEE GORMAN,

      Plaintiff(s),

v.

BRITTANY TAMASO,

      Defendant(s).

Case No. 2:22-cv-01678-JAD-NJK

**REPORT AND RECOMMENDATION**

11     The Court's orders are being returned as undeliverable to Plaintiff. *E.g.*, Docket No. 45.
12 The Court ordered Plaintiff to either remove any impediment to receiving mail at his identified
13 location or to update his address as warranted. Docket No. 46. The Court warned that "[f]ailure
14 to comply with this order may result in dismissal." *Id.* (emphasis in original). That order has
15 itself been returned as undeliverable, Docket No. 47, and Plaintiff has not complied with the
16 Court's order.

17     "A party, not the district court, bears the burden of keeping the court apprised of any
18 changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*);
19 *see also in re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). To that end, the local rules require that
20 litigants immediately file written notification of any change of address, and the local rules
21 expressly warn that failure to do so may result in case-dispositive sanctions. *See* Local Rule IA 3-
22 1. In addition, dismissal may be warranted for failing to comply with the Court's orders. *E.g.*,
23 Fed. R. Civ. P. 16(f)(1)(C).[1]

24
25

---

26     [1] These issues arise frequently when a litigant fails to notify the Court of a change of
address. It is unclear in this case whether Plaintiff has actually moved or his mailbox has been
27 removed from his property. Either way, the Court is unable to communicate with him. Dismissal
is warranted either for Plaintiff failing to update his address or for failing to comply with the
28 Court's orders.

Plaintiff has disobeyed the local rules and the Court's orders.  Plaintiff's disobedience is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the orders of this Court notwithstanding the warning that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: March 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).