UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY LEE GORMAN,<br><br>　　　Plaintiff<br><br>v.<br><br>BRITTANY TAMASO,<br><br>　　　Defendant | Case No. 2:22-cv-01678-JAD-NJK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>ECF No. 48 |

On 3/3/25, the magistrate judge entered this report and recommendation:

> The Court's orders are being returned as undeliverable to Plaintiff. *E.g.*, Docket No. 45. The Court ordered Plaintiff to either remove any impediment to receiving mail at his identified location or to update his address as warranted. Docket No. 46. The Court warned that "[f]ailure to comply with this order may result in dismissal." *Id.* (emphasis in original). That order has itself been returned as undeliverable, Docket No. 47, and Plaintiff has not complied with the Court's order.
>
> "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*); *see also in re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). To that end, the local rules require that litigants immediately file written notification of any change of address, and the local rules expressly warn that failure to do so may result in case-dispositive sanctions. *See* Local Rule IA 3-1. In addition, dismissal may be warranted for failing to comply with the Court's orders. *E.g.*, Fed. R. Civ. P. 16(f)(1)(C).[1]

---

[1] These issues arise frequently when a litigant fails to notify the Court of a change of address. It is unclear in this case whether Plaintiff has actually moved or his mailbox has been removed from his property. Either way, the Court is unable to communicate with him. Dismissal is warranted either for Plaintiff failing to update his address or for failing to comply with the Court's orders.

1

Plaintiff has disobeyed the local rules and the Court's orders. Plaintiff's disobedience is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the orders of this Court notwithstanding the warning that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: March 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## ORDER

The deadline for any party to object to this recommendation was 3/17/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 48] is ADOPTED in its entirety. This case is DISMISSED, and the Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 19, 2025